**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| TAMARA KAY FULMER-STEWART, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-26-CA-03476-XR |
| | § | |
| CITY OF SAN ANTONIO, TEXAS, | § | |
| COUNTY OF BEXAR, GLORIA A. | § | |
| MARTINEZ, DISTRICT CLERK OF BEXAR | § | |
| COUNTY IN THEIR OFFICIAL CAPACITY; | § | |
| *Defendants* | § | |

## ORDER ON ALL PENDING MOTIONS

On this date, the Court considered pro se Plaintiff Tamara Fulmer-Stewart's "Motion to Remand and Notice of Non-Engagement" (ECF No. 10) and "Notice of Jurisdictional Defect and Motion to Stay Proceedings" (ECF No. 11), and the motions to dismiss filed by the City of San Antonio (ECF No. 5) and the Bexar County Defendants (ECF No. 6). After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiff initiated this action in state court on March 18, 2026, asserting numerous state-law torts and federal civil rights claims against the City of San Antonio (the "City"),[1] Bexar County, and Gloria A. Martinez, in her capacity as Bexar County District Clerk (together with Bexar County, the "Bexar County Defendants")[2]. ECF No. 1. The basis for these claims is unclear because the petition does not contain any factual allegations. *See generally* ECF No. 1 at 6–10.

---

[1] Against the City, Plaintiff asserts claims for 1. harassment, 2. theft, 3. physical injury, 4. vehicle damage by way of accident, 5. Kidnapping, 6. Unlawful, and illegal confinement, 7. Conspiracy, 8. tax fraud, 9. theft of identification card, 10. misuse of identification card, 11. participation in illegal pawnshop activity, 12. fraud and false statements, 13. Breach of Contract, 14. Theft of Services, 15. Civil Rights Violations (42 U.S.C. §1983), and 16. violation of privacy. ECF No. 1 at 9.

[2] Against the Bexar County Defendants, Plaintiff asserts claims for 1. Americans with Disabilities Act ("ADA") violations by the District Clerk's Office, 2. violations of Title II of the ADA, 3. Civil Rights Violations (42 U.S.C. §1983), and 4. negligence/gross negligence. ECF No. 1 at 9.

The City timely removed the case to federal court based on federal question jurisdiction in April 2026, noting that Plaintiff's claims for civil rights violations under 42 U.S.C. § 1983 "arise under" the laws of the United States. *Id.* at 1–2.[3]

A week later, both the City and the Bexar County Defendants move to dismiss Plaintiff's petition for failure to state a claim under Rule 12(b)(6). *See* ECF Nos. 5, 6. Plaintiff has not filed a response and the time to do so has expired.

Plaintiff now asks the Court to remand the case to state court, asserting that she "relied strictly on state law claims," ECF No. 10 at 1, and "the original pleadings did not intentionally invoke federal question jurisdiction," ECF No. 11 at 1. Plaintiff seeks a stay of these proceedings pending resolution of the jurisdictional question. ECF No. 11.

Plaintiff has further advised the Court that "she has formally communicated to opposing counsel that she will not engage, confer, or communicate with them regarding this matter" based on purported "systemic fraud, unauthorized alteration of the initial pleadings, and bad-faith tactics utilized to facilitate the removal of this action" ECF No. 10 at 1.

## DISCUSSION

**I.      Motion for Remand and Stay of Proceedings (ECF Nos. 10, 11)**

On a motion to remand, a court must consider whether removal to federal court was proper. Removal is proper in any "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

---

[3] The City removed the case to the Austin Division of the Western District of Texas. *See* ECF No. 1. The case was then transferred to the San Antonio Division on Defendants' motion. *See* ECF No. 8.

District courts have original jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. Determining whether a particular case arises under federal law generally turns on the "well-pleaded complaint" rule. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff is master of his complaint and may generally allege only a state-law cause of action even where a federal remedy is also available. *Id.*

Plaintiff's original petition alleges numerous federal claims against the City and the Bexar County Defendants. She asserts claims under Section 1983 against all three Defendants and violations of Title II of the Americans with Disabilities Act by the Bexar County Defendants. *See* ECF No. 1 at 9. Indeed, in the statement of jurisdiction in her original petition, Plaintiff asserted that "[c]laims arise under federal law (ADA Title II) and Texas law." *Id.* at 7.

While Plaintiff suggests that Defendants fraudulently altered the pleadings in some respect to establish a basis for removal, she does not explain how the petition filed with the Notice of Removal (ECF No. 1 at 6–10) purportedly differs from her original state-court pleading. *See generally* ECF Nos. 10, 11.

Because the original petition asserts federal claims on its face, Plaintiff's motion to remand (ECF No. 10) is **DENIED**, and her motion to stay the proceedings pending resolution of the jurisdictional question (ECF No. 11) is **MOOT**.

## II.     "Notice of Non-Engagement" (ECF No. 10)

Plaintiff's refusal to communicate with opposing counsel is dispositive of her claims for relief. Plaintiff bears the burden of proving her claims by a preponderance of the evidence in this civil matter. As long as she refuses to communicate with opposing counsel, she will be unable to satisfy the basic requirements of early litigation in federal court, including providing initial and pretrial disclosures and holding the initial conference under Rule 26(f) already ordered by this

Court. *See* ECF No. 12. Moreover, Plaintiff cannot engage in discovery without communicating with opposing counsel and, accordingly, will be unable to establish her claims. *See* Fed. R. Civ. P. 37 (imposing a duty on the parties to cooperate and confer regarding discovery matters).

If Plaintiff wishes to cease communications with opposing counsel, she may do so only by dismissing this action altogether. Because no Defendant has served an answer or moved for summary judgment in this case, Plaintiff may voluntarily dismiss this action without prejudice. Fed. R. Civ. P. 41(a)(1)(A).

## III.   Motions to Dismiss (ECF Nos. 5, 6)

### A.   Legal Standard[4]

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio,*

---

[4] The Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

However, this liberal construction does not excuse failure to comply with basic pleading requirements or allow complaints that are incomprehensible or fail to provide fair notice. Courts "will not act as a plaintiff's de facto attorney or rewrite a deficient complaint" for *pro se* plaintiffs. *Vanderbol v. State Farm Mut. Auto Ins. Co.*, No. 4:19-CV-119-SDJ-KPJ, 2020 WL 7327996, at *4–5 (E.D. Tex. Sept. 1, 2020), *adopted in part*, 2020 WL 6866393 (E.D. Tex. Nov. 23, 2020), *aff'd*, No. 20-40875, 2021 WL 2577611 (5th Cir. Mar. 1, 2021).

*L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)).

A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### B.    Analysis

As previously noted, the original petition does not contain any factual allegations. Accordingly, Defendants' motions to dismiss (ECF Nos. 5, 6) are **GRANTED**. However, because the Court intends to dismiss Plaintiff's claims without prejudice and afford Plaintiff an opportunity to amend her pleadings, it will briefly address the pleading standards for Plaintiff's primary theories of liability.

#### 1.    The City's Motion (ECF No. 5)

##### a.    Plaintiff's *Monell* Claim (42 U.S.C. § 1983)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). Municipalities, including the City of San Antonio, cannot be held liable under Section 1983 "unless [some] action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978).

5

"To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right." *Balle v. Nueces County*, 952 F.3d 552, 558 (5th Cir. 2017) (citing *Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009)). The policy requirement insures that municipalities are not held liable under Section 1983 on a *respondeat superior* theory; although municipal liability under *Monell* requires an underlying constitutional violation, a municipality is not liable merely because one of its employees violates federal law. *Monell*, 436 U.S. at 690.

Plaintiff has failed to state a *Monell* claim against the City because she has failed to allege an underlying constitutional violation, let alone a policy promulgated by an official policymaker that was the moving force behind such a violation. *See Albert v. City of Petal*, 819 F. App'x 200, 203 (5th Cir. 2020) (noting that because there was no constitutional violation, there can be no *Monell* claims); *Balle*, 952 F.3d at 558.

### b.   Plaintiff's Breach-of-Contract Claim

Plaintiff alleges a breach-of-contract claim against the City. The City is immune from suit asserting contract liability, except for certain contracts for goods or services. Tex. Loc. Gov't Code § 271.151–160; *Dall./Fort Worth Int'l Airport Bd. v. Vizant Techs., LLC*, 576 S.W.3d 362, 367 (Tex. 2019).

Plaintiff's breach-of-contract claim must be dismissed because she failed to plausibly allege the existence, terms or obligations of any contract for such goods or services. Plaintiff did not plausibly allege facts demonstrating that the contract was one for which the Texas Legislature clearly and unambiguously waived the City's immunity from suit.

### c.    Plaintiff's State-Law Tort Claims

Plaintiff has alleged state tort claims against a government unit, Bexar County. "Generally, under Texas law, governmental immunity prohibits courts from adjudicating claims against a governmental unit." *Hernandez v. Sierra*, No. EP-22-CV-201-DB, 2025 WL 510933, at *7 (W.D. Tex. Feb. 14, 2025) (citing *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999)). A plaintiff bears the burden to affirmatively demonstrate the court's subject-matter jurisdiction by alleging facts that establish a valid waiver of governmental immunity. *See Tex. Dep't of Crim. Just. v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001); *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

The Texas Tort Claims Act ("TTCA") provides a limited waiver "in three areas when the statutory requirements are met: (1) use of publicly owned automobiles; (2) injuries arising out of a condition or use of tangible personal property; and (3) premises defects." *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 384 (Tex. 2016); *see* Tex. Civ. Prac. & Rem. Code § 101.021. Because the Legislature abrogated the State's immunity only in the instances enumerated under § 101.021, the TTCA "is the only, albeit limited, avenue for common-law recovery against the government." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008). Thus, claims against the government are barred unless specifically outlined by § 101.021. *Id.* at 658–59 ("[A]ll tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the TTCA]' for purposes of section 101.106.").

The TTCA "does not waive immunity for claims arising out of intentional torts." *Aguirre v. City of San Antonio*, 995 F.3d 395, 422 (5th Cir. 2021) (quoting *City of Watauga v. Gordon*, 434 S.W.3d 586, 594 (Tex. 2014)); *St. Maron Props., L.L.C. v. City of Houston*, 78 F.4th 754, 764 (5th Cir. 2023) (affirming dismissal of a trespass claim because the TTCA does not waive immunity

7

for claims arising out of intentional torts). Thus, Plaintiff's harassment, theft, kidnapping, unlawful and illegal confinement, misuse, and fraud causes must be dismissed because they are intentional torts, and there is no waiver of governmental immunity for intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057; *Tex. Dep't of Crim. Justice-Cmty. Just. Assistance Div. v. Campos*, 384 S.W.3d 810, 814 (Tex. 2012). These claims should not be asserted against the City in any future amended complaint.

Plaintiff's non-intentional tort claims (for physical injury, vehicle damage by way of accident, misuse of identification card, privacy violation) must also be dismissed because Plaintiff has not alleged any facts demonstrating that these causes of action fall within any of the statutory categories of claims for which the State has waived immunity under the TTCA. *See Sampson*, 500 S.W.3d at 384; Tex. Civ. Prac. & Rem. Code § 101.021; *Miller*, 51 S.W.3d at 587; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

### 2.    The Bexar County Defendants' Motion (ECF No. 6)

#### a.    Official Capacity Claims against the County Clerk

It is well established that a suit against a government official in her official capacity is, in effect, a suit against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (citing *Monell*, 436 U.S. at 690 n.55 (an official-capacity suit is, in all respects, to be treated as a suit against the entity); *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).

Because Plaintiff's claims against Defendant Martinez in her official capacity are duplicative of her claims against Bexar County, they are dismissed as redundant. These claims should not be asserted in any future amended complaint.

### b.    ADA Claims

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A "public entity" includes "any department, agency, special purpose district, or other instrumentality of a State or States or local government." 42 U.S.C. § 12131(1)(B).

To state a claim under Title II of the ADA, a plaintiff must allege facts showing that she (1) is a qualified individual with a disability, (2) was excluded from participation in or denied the benefits of services, programs, or activities for which the public entity is responsible, and (3) that such exclusion, denial, or discrimination occurred because of her disability. *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72, 676 n.8 (5th Cir. 2004).

Plaintiff fails to allege any facts supporting these elements and has thus failed to state a claim under Title II of the ADA.

### c.    *Monell* Claims (42 U.S.C. § 1983)

Plaintiff's *Monell* claims against Bexar County fail to state a claim based on the same deficiencies in her Section 1983 claim against the City—the original petition does not adequately allege a constitutional violation and an official policy, promulgated by a municipal policymaker, that was the moving force behind the constitutional violation. *See Albert*, 819 F. App'x at 203; *Balle*, 952 F.3d at 558.

### d.    Negligence Claims

Plaintiff's negligence claims against Bexar County fail to state a claim based on the same deficiencies in her negligence claims against the City: the original petition does not allege any facts to suggest that these claims fall within any of the statutory categories of claims for which the

State has waived immunity under the TTCA. *See Sampson*, 500 S.W.3d at 384; Tex. Civ. Prac. & Rem. Code § 101.021; *Miller*, 51 S.W.3d at 587; *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 10) is **DENIED**, and her motion to stay the proceedings pending resolution of the jurisdictional question (ECF No. 11) is **MOOT**.

Defendants' motions to dismiss (ECF Nos. 5, 6) are **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

The Court's previous order directing the parties to submit a Rule 26(f) report and scheduling recommendations (ECF No. 12) is **VACATED**.

**By no later than July 6, 2026**, Plaintiff may either (1) inform the Court that she no longer intends to pursue this case or (2) submit a motion for leave to file an Amended Complaint that cures the deficiencies identified in the Defendants' motions and this Order, attaching a proposed Amended Complaint, or seek an extension of time to do so. **Failure to comply with this order will result in the case being dismissed without prejudice for failure to prosecute and/or failure to comply with a court order**.

The Clerk is **DIRECTED** to mail a copy of this Order to Tamara Kay Fulmer-Stewart, 8452 Fredericksburg Rd. #444, San Antonio, TX 78229.

It is so **ORDERED**.

**SIGNED** this 3rd day of June, 2026.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE